**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SÉRGIO RICARDO DE MORAIS,

Plaintiff,

v.

A24 FILMS LLC, a Delaware limited liability company, and HOME BOX OFFICE INC., a New York corporation, and HBO Latin America Production Services, L.C, a Florida limited company

Defendants.
_______________________________________/

## COMPLAINT

Plaintiff Sérgio Ricardo de Morais ("Mr. Morais"), hereby files this Compliant and sues Defendants A24 Films LLC. ("A24") ,Home Box Office, Inc. ("HBO"), and HBO Latin America Production Services, L.C. ("HBO Miami")(collectively "Defendants"), and states as follows:

## INTRODUCTION

1. This case arises from Defendants' unauthorized commercial use of the name, likeness, identity, image, tattoos, and biographical information of a real person, Sérgio Ricardo de Morais, and their false portrayal of a significant event in his professional fighting career for the sake of entertainment and profit.

2. Mr. Morais is a former professional mixed martial arts fighter who competed against Mark Coleman at Pride 8 in 1999. That fight did not end by knockout. Mr. Morais fought through the bout, and the outcome was determined by the judges.

3. More than twenty-five years later, Defendants used Mr. Morais's identity and professional history in connection with The Smashing Machine (2025), a commercial production depicting events from the world of professional mixed martial arts. Defendants did so without ever obtaining Mr. Morais's consent or compensating him for the use of his name, likeness, image, identity, tattoos, or biographical information.

4. Defendants did not merely use Mr. Morais's identity without authorization. They materially rewrote his professional history. The 2025 Production falsely portrays Mr. Morais as having been knocked out by Mark Coleman during their 1999 Pride 8 fight.

5. That portrayal is false. Mr. Morais was not knocked out by Coleman. The fight went to the judges and was decided by decision. By changing the actual result of the fight, Defendants transformed a matter of historical and professional fact into a false depiction that diminishes Mr. Morais's performance and alters the public record of his fighting career.

6. Defendants nevertheless produced, distributed, promoted, and commercially exploited the 2025 Production using Mr. Morais's identity and the false depiction of his fight. In doing so, Defendants used Mr. Morais and his professional history to enhance the realism, audience appeal, marketability, and commercial value of their production while depriving him of any control over how his identity and professional legacy were portrayed.

7. In short, A24 appropriated Mr. Morais's identity and professional history for its own commercial benefit and falsely rewrote the outcome of an actual fight in a manner harmful to his reputation and professional legacy. HBO and HBO Miami thereafter licensed streaming rights to the 2025 Production from A24 and republished and commercially

exploited that false depiction by making the 2025 Production available for streaming to viewers.

8. This action seeks to hold Defendants accountable for the resulting harm and for the commercial benefits obtained through their unauthorized use of Mr. Morais's identity.

**PARTIES JURISDICTION AND VENUE**

9. Plaintiff Sérgio Ricardo de Morais is a natural person and citizen of Brazil and is otherwise *sui juris.*

10. Plaintiff is a former mixed martial arts fighter whose name, likeness, identity, tattoos, image, and biographical information are at issue in this action.

11. Defendant A24 is a limited liability company organized under the laws of Delaware with its principal place of business located in New York City, New York. Upon information and belief, A24 was responsible, in whole or in part, for producing, distributing, promoting, and/or commercially exploiting *The Smashing Machine* (2025) (the "2025 Production").

12. Defendant HBO is a corporation organized under the laws of New York, with its principal place of business located in New York City, New York. Upon information and belief, HBO licensed streaming rights to the 2025 Production from A24 and thereafter republished and disseminated the defamatory depiction of Plaintiff by making the 2025 Production available for streaming to viewers.

13. Defendant HBO Miami is a Florida limited liability company with its principal place of business located in Coral Gables, Florida.

14. Upon information and belief, HBO Miami licensed streaming rights to the 2025 Production from A24 and thereafter republished and disseminated the allegedly defamatory depiction of Plaintiff by making the 2025 Production available for streaming to viewers.

15. At all material times, each Defendant acted directly or through its agents, employees, contractors, representatives, affiliates, and other persons acting within the scope of their authority or agency.

16. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of a foreign state, Defendants are citizens of one or more States, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

17. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Defendants because Defendants purposefully directed the distribution, streaming, dissemination, promotion, and/or commercial exploitation of the 2025 Production and related materials toward Florida, including by making the 2025 Production and related materials available to viewers in Florida, and because Plaintiff's claims arise from or relate to that conduct.

19. Defendants each have sufficient minimal contacts to meet the minimal jurisdictional requirements under the laws of Florida and the U.S. Constitution.

20. Venue is proper in this District pursuant to 28 U.S.C §1391(b)(1) -(b)(2) because HBO Miami resides in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the streaming, dissemination, viewing, promotion, and commercial exploitation of the production and related materials in this District.

## FACTUAL ALLEGATIONS

21. Plaintiff competed in a Pride 8 mixed martial arts bout against Mark Coleman in 1999.

22. The 2025 Production identifies, depicts, or otherwise invokes Plaintiff through the use of his name, likeness, identity, tattoos, image, and biographical details without Plaintiff's authorization.

23. The 2025 Production falsely portrays or states that Plaintiff lost his 1999 Pride 8 fight against Mark Coleman by knockout.

24. Plaintiff did not lose that fight by knockout. The fight was decided by judges' decision.

25. The false portrayal of the result of Plaintiff's fight is capable of causing, and has caused, harm to Plaintiff's reputation and professional legacy.

26. Plaintiff did not provide Defendants with express written or oral consent to use his name, portrait, photograph, likeness, tattoos, image, identity, or biographical information for commercial, trade, advertising, promotional, or entertainment purposes.

27. Upon information and belief, HBO and HBO Miami each licensed streaming rights to the 2025 Production from A24.

28. By making the 2025 Production available for streaming, HBO and HBO Miami each republished and disseminated to third parties the false depiction that Plaintiff lost his 1999 Pride 8 fight against Mark Coleman by knockout.

29. A24 used Plaintiff's identity in connection with the production, distribution, promotion, and commercial exploitation of the 2025 Production. HBO and HBO Miami

subsequently used and disseminated Plaintiff's identity by making the 2025 Production available for streaming after licensing streaming rights from A24.

30. Defendants' respective uses of Plaintiff's identity were intended to enhance the realism, audience appeal, marketability, and commercial value of the 2025 Production.

31. Defendants' respective conduct deprived Plaintiff of control over the commercial use and dissemination of his name, likeness, identity, tattoos, image, and biographical information.

32. Defendants received commercial benefits from their respective uses and dissemination of Plaintiff's identity, including revenue, goodwill, audience engagement, and enhanced commercial value associated with the 2025 Production and related promotional materials.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer reputational harm, injury to his professional legacy, emotional distress, loss of control over his identity, and economic damages in an amount to be proven at trial.

**COUNT I**
**DEFAMATION**

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 herein.

35. A24 published and communicated to third parties the false statement and depiction that Plaintiff lost his 1999 Pride 8 fight against Mark Coleman by knockout.

36. Upon information and belief, HBO and HBO Miami each independently republished and communicated the false statement and depiction to third parties by making the 2025 Production available for streaming after licensing streaming rights from A24

37. The false statement and depiction concerned Plaintiff, because Defendants used Plaintiff's name, likeness, identity, tattoos, image, and biographical details in connection with the 2025 Production.

38. The statement and depiction were false because Plaintiff's 1999 Pride 8 fight against Mark Coleman was decided by judges' decision, not by knockout.

39. Defendants published the false statement and depiction to viewers and consumers of the 2025 Production and related promotional materials.

40. Defendants knew the statement and depiction was false or acted with reckless disregard for its truth or falsity by publishing a purported portrayal of Plaintiff's fighting career without accurately verifying the outcome of Plaintiff's 1999 fight against Mark Coleman.

41. The false portrayal tends to injure Plaintiff in his profession and to harm his reputation as a former mixed martial arts fighter.

42. As a direct and proximate result of Defendants' publication of the false statement and depiction, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff Sergio Ricardo de Morais respectfully requests the Court enter a judgment against Defendants A24 Films LLC, Home Box Office Inc., and HBO Latin America Production Services L.C. for damages in an amount to be determined at trial, punitive damages, pre- and post-judgment interest, costs, and any other relief the Court deems just and proper.

## COUNT II
## DEFAMATION PER SE

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 herein.

44. Defendants published and republished the false statement and depiction that Plaintiff lost his 1999 Pride 8 fight against Mark Coleman by knockout.

45. The false statement and depiction concerned Plaintiff and were false because Plaintiff's 1999 Pride 8 fight against Mark Coleman was decided by judges' decision, not by knockout. A24 published the false statement and depiction through the Production, and HBO and

HBO Miami each republished the false statement and depiction by making the Production available for streaming after licensing streaming rights from A24.

46. At the time of publication, Defendants knew the statement and depiction was false or acted with reckless disregard for its truth or falsity.

47. By falsely portraying Plaintiff as having been defeated by knockout rather than by judges' decision, Defendants published a statement that tends to injure Plaintiff in his trade or profession as a mixed martial arts fighter and has injured his professional reputation and legacy.

**WHEREFORE**, Plaintiff Sergio Ricardo de Morais respectfully requests the Court enter a judgment against Defendants A24 Films LLC, Home Box Office Inc., and HBO Latin America Production Services L.C. for damages in an amount to be determined at trial, punitive damages, pre- and post-judgment interest, costs, and any other relief the Court deems just and proper.

## COUNT III
## UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS UNDER FLORIDA STATUTE § 540.08

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 herein.

49. Florida Statute § 540.08 prohibits a person from publishing, printing, displaying, or otherwise publicly using a natural person's name, portrait, photograph, or other likeness for trade, commercial, or advertising purposes without that person's express written or oral consent.

50. Defendants published, displayed, and otherwise publicly used Plaintiff's name, likeness, identity, tattoos, image, and biographical information in connection with the 2025 Production and related promotional materials.

51. A24 used Plaintiff's identity in producing, distributing, promoting, and commercially exploiting the 2025 Production.

52. Upon information and belief, HBO and HBO Miami each publicly used and displayed Plaintiff's identity by making the 2025 Production available for streaming after licensing streaming rights from A24.

53. Defendants did not obtain Plaintiff's express written or oral consent for those uses.

54. Defendants' unauthorized use of Plaintiff's identity caused Plaintiff damages, including loss of commercial value and control of his identity, reputational harm, emotional distress, and other damages to be proven at trial.

**WHEREFORE**, Plaintiff Sergio Ricardo de Morais respectfully requests the Court enter a judgment against Defendants A24 Films LLC, Home Box Office Inc., and HBO Latin America Production Services L.C. for all remedies available under Florida Statute § 540.08, including damages in an amount to be determined at trial, pre-and post-judgment interest, costs, punitive damages, and any other relief the Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 herein.

56. Defendants knowingly received and retained benefits from their respective unauthorized uses of Plaintiff's name, likeness, identity, tattoos, image, and biographical information in connection with the 2025 Production and related materials.

57. A24 received those benefits through the production, distribution, promotion, and commercial exploitation of the 2025 Production. HBO and HBO Miami received benefits through their subsequent streaming, dissemination, and commercial exploitation of the 2025 Production after licensing streaming rights from A24.

58. Plaintiff did not consent to Defendants' use of his identity and was not compensated for the benefits Defendants derived from that use.

59. Under the circumstances, it would be inequitable for Defendants to retain the benefits derived from their unauthorized use of Plaintiff's identity without compensating Plaintiff.

60. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Sergio Ricardo de Morais respectfully requests the Court enter a judgment against Defendants A24 Films LLC, Home Box Office Inc., and HBO Latin America Production Services L.C.for damages in an amount to be determined at trial, pre- and post-judgment interest, costs, and any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Attorneys for Plaintiff*
201 Alhambra Circle, Suite 1060,
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: /s/ *Schneur Kass*
**SCHNEUR KASS**
Florida Bar Number 100554
zkass@b2b.legal
service@b2b.legal

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 2, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all counsel of records via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ *Schneur Kass*
**SCHNEUR KASS**